**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| J.V. INTERMEDIATE, LTD., a Texas Limited Partnership, successor by conversion to Joint Venture Piping, Inc., a Texas Corporation, and J.V. INDUSTRIAL COMPANIES, LTD., a Texas limited partnership, successor by conversion to J.V. Piping, inc., <br><br>        Plaintiff, <br><br> vs. <br><br> TOTAL INDUSTRIAL PLANT SERVICES, INC., an Oklahoma Corporation, GLOBAL INDUSTRIAL, INC., an Oklahoma corporation, and JOE HARRIS, <br><br>        Defendant. | Case No. 06-CV-330-FHM |

## OPINION AND ORDER

Defendants' Motion to Compel and Request for Expedited Hearing [Dkt. 48] are before the Court for decision. An expedited hearing was held on August 8, 2006, the motion was taken under advisement and parties were permitted to file additional briefing. [Dkt. 53]. The briefing has been filed and the matter is ripe for decision.

Defendants served a second set of discovery requests. The number of interrogatories exceeds the twenty-five permitted by Fed.R.Civ.P. 33. Plaintiffs object to answering the interrogatories on that basis and on the basis of burdensomeness and relevancy.

Plaintiffs offered no support for their claim of burdensomeness. The Court therefore rejects that as a basis to deny the motion to compel. Although Fed.R.Civ.P. 33 limits a party to twenty-five interrogatories, leave is granted to serve additional interrogatories when

to do so serves the needs of the case without undue burden or expense. It would have been preferable for Defendants to have sought leave to serve additional discovery requests in advance of doing so. However, the failure to seek leave does not necessarily require that the motion to compel be denied and in this instance the Court will not deny the motion on that basis.

Defendants seek information regarding Plaintiffs' Tulsa Division projects from July 31, 2004 to May 30, 2008, which are dates after Mr. Rash's employment with Plaintiff ended. Defendants seek information about the following subjects: 1) identification of each job by the Tulsa Division with customer name, dates, and location; 2) whether any of the identified jobs used scaffolding or insulation materials and identification of the supplier of the scaffolding or insulation; 3) the rates, charges and amounts billed to each customer for scaffolding or insulation; 4) the rates, charges and amounts billed to each customer for scaffolding and insulation materials provided by Plaintiff; and 5) identification of the individual who chose the scaffolding and insulation service for each project. Plaintiffs argue that the information is not relevant because it relates to the period after Mr. Rash's employment ended and also because the information would not serve to negate any aspect of their conspiracy claim.

The Court is not convinced that the information is wholly irrelevant for discovery purposes. The information bears on the likelihood Defendants' actions caused damage to Plaintiffs and, by extension has some relevance to Plaintiffs' claim for punitive damages.

Defendants' Motion to Compel [Dkt. 48] is GRANTED. Plaintiffs are hereby ordered to provide complete responses to the discovery requests addressed in Defendants' Motion to Compel on or before August 28, 2008.

SO ORDERED this 20th day of August, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE